IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROLYN J. BOUDREAU,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Misc. No. 07-7015-AA

OPINION AND ORDER

AIKEN, Judge:

Petitioner filed a petition pursuant to 26 U.S.C. § 7609(b)(2) seeking an order to quash an Internal Revenue Service (IRS) Summonses issued to two financial institutions and one company. The government moves to dismiss this action or, alternatively, to enforce the summonses. The government's motion is granted.

The government argues that the petitioner should be dismissed for failing to effectuate proper service. Pursuant to Federal Rule of Civil Procedure 4(i), service on the United States is not perfected until: 1) a copy of the summons and complaint is

1   - OPINION AND ORDER

delivered to sent by registered or certified mail to the United States Attorney for the district in which the action is brought; and 2) a copy of the summons and complaint is sent by registered or certified mail to the Attorney General of the United States in Washington D.C. Fed. R. Civ. P. 4(i)(1). Here, petitioner failed to send a copy of the summons and complaint to the Attorney General in Washington D.C., and service is not complete. Petitioner did not respond to the government's motion to dismiss, and I am unable to determine whether good cause exists to excuse her failure to perfect service.

Regardless, this court lack jurisdiction over the petition to quash with respect to summonses issued to Bank of America NT & SA and Sterling Savings Bank, because they are not located in the District of Oregon. See 26 U.S.C. § 7609(h); Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995). Further, I find that the summons issued to Barrett Business Service is enforceable.

The IRS may issue a summons for production of information relevant to "determining the liability of any person for internal revenue tax." 26 U.S.C. § 7602(a). To establish a prima facie case for enforcement of a summons, the government must show that: 1) the summons is for a legitimate purpose; 2) the material being sought is relevant to the investigation; 3) the information is not already in the government's possession; and 4) the administrative steps required by the Internal Revenue Code have been followed.

See United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. Saunders, 951 F.2d 1065, 1067 (9th Cir. 1991). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993). In other words, a sworn declaration may satisfy the government's "minimal" burden of showing that the summons was issued for a proper purpose, that the materials are relevant to the investigation, that the materials are not in the possession of the government, and that all administrative steps have been taken. See id. There is no requirement that the IRS make an assessment or show that petitioner actually *has* a tax liability before issuing a summons, because the IRS may issue a summons to *investigate* possible tax liability. See 26 U.S.C. § 7602; Saunders, 951 F.2d at 1067.

Here, the declaration of Vickie Schneider indicates that the summons were issued to determine whether petitioner has tax obligations for the years 2003 and 2005, that the documents sought are relevant to the government's investigation, that the documents sought are not in the government's possession, and that all necessary administrative steps were taken. Therefore, the government has met its burden.

Once the government meets its showing, the burden shifts to the taxpayer to show that the summons was issued for an improper

3  - OPINION AND ORDER

purpose or was otherwise deficient. Dynavac, 6 F.3d at 1414. Petitioner fails to do either. Petitioner argues that she cannot owe tax liability because her husband, now deceased, was responsible for preparing and paying income taxes for 2003 and 2005. Petitioner also argues that she does not possess the documents requested by the government.

However, as explained above, the government is investigating whether tax liabilities are owed for 2003 and 2005, and enforcement of the summons will assist in making that determination. Further, if petitioner does not possess relevant documents, it is appropriate for the government to seek them from other parties who could be in possession of relevant documents. Accordingly, the summons issued to Barrett Business Service is enforceable.

## CONCLUSION

The government's motion to dismiss Petition to Quash Summons (doc. 2) is GRANTED with respect to summonses issued to Bank of America NT & SA and Sterling Savings Bank. The government's Counterpetition to Enforce Summonses (doc. 2) is GRANTED with respect to summons issued to Barrett Business Service.

IT IS SO ORDERED.

Dated this 7 day of February, 2008.

_____
Ann Aiken
United States District Court Judge

4    - OPINION AND ORDER